## United Oil Cloth Company *v.* Dash, Appellant.

*Practice, C. P.—Affidavit of defense—Judgment for amount admitted—Interest—Act of May 31, 1893, P. L. 185.*

Whilst the Act of May 31, 1893, P. L. 185, furnishes ample warrant for a plaintiff to take judgment for an amount admitted to be due and to proceed to recover the balance, such judgment must be strictly confined to the amount clearly and fairly admitted to be due. Interest cannot be allowed, where the statement furnishes no facts from which it can be determined how much interest, if any, is due.

In an action for goods sold and delivered, an affidavit of defense is sufficient to prevent judgment, which admits that the goods charged for at the prices named were shipped to and received by defendants, but avers that the same goods, by arrangement with the plaintiff, were not only reshipped to, but actually received by the plaintiff, by reason whereof the defendants are entitled to credit at the invoice prices.

Argued Oct. 4, 1906.   Appeal, No. 21, Oct. T., 1906, by defendant, from order of C. P. No. 5, Phila. Co., Sept. T., 1905, No. 1,815, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The United Oil Company v. Louis Dash and Bernard S. Siegel, trading as New York Commission Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for amount admitted to be due.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that after the original affidavit of defense was filed, judgment was entered for $56.77 for the amount admitted to be due.   After the supplemental affidavit of defense was filed, the court made absolute a rule for judgment for want of a sufficient affidavit of defense, and damages were assessed in the sum of $198.05.

*Errors assigned* were (1) in entering judgment for $56.77 as the amount admitted to be due; and (2) in making absolute a rule for judgment for want of a sufficient affidavit of defense.

*John C. Grady*, for appellant, cited: Coburn v. Reynolds, 3

Pa. Dist. Rep. 475; Taylor v. Nyce, 3 W. N. C. 433; Bank v. Flanigan, 15 Phila. 102; Bingham v. Lamping, 26 Pa. 340; Com. v. Fleming, 130 Pa. 138; Bacharach v. Chester Freight Line, 133 Pa. 414; Dannemiller v. Kirkpatrick, 201 Pa. 218.

*Alfred Aarons,* with him *Henry N. Wessel,* for appellee, cited: Hollohan v. M'Lean, 1 W. N. C. 262; Cauley v. Ry. Co., 95 Pa. 398; McCosh v. Myers, 25 Pa. Superior Ct. 61; Com. v. Pilnik, 29 Pa. Superior Ct. 285; Emerson v. Schoonmaker, 135 Pa. 437; Lyons v. Means, 1 Pa. Superior Ct. 608; New Castle City v. Electric Co., 2 Pa. Superior Ct. 228.

OPINION BY HEAD, J., November 19, 1906:

The plaintiff brings this action to recover a balance of $242.60 alleged to be due on an account wherein there is charged to the defendants the sum of $1,069.55, the price of certain goods shipped and delivered to them at various dates between November 4, 1904, and February 6, 1905. As against the account so charged the plaintiff allows credits of $826.95, leaving the balance sued for as above stated, $242.60. The defendants filed their affidavit of defense in which they specifically set forth that as against the items of charge shown in the statement they were entitled to credit for a remittance of $144.50, an allowance made by the plaintiff of $25.00, a discount of $2.95 and a credit for goods returned in January of $78.35. They further averred that a dispute had arisen between the parties as to some of the goods and, after a visit from the representative of the plaintiff, it was agreed that goods should be returned and that they actually were returned as follows: March 1, $257.80; March 7, $159.20; March 13, $97.50, and March 30, $259.70, making a total credit as against the account claimed of $1,025, but leaving a balance due of $44.55 as to which no defense was made. The prices mentioned above are averred to be the invoice prices at which same goods are charged in the account.

As to the items of credit claimed for goods returned the averment of the defendants was not only clear and emphatic, but they went so far as to set forth in their affidavit certain correspondence with the railroad company which would tend to prove the truth of their averment in this respect. After the

filing of the affidavit the plaintiff first took a judgment for what was claimed to be admitted to be due, but instead of confining the judgment thus taken to the sum actually admitted to be due the plaintiff undertook to add a considerable amount by way of interest. Whilst the statement in a general way claims interest on the balance shown by the account to be due it furnishes no facts from which it can be determined how much interest, if any, should be allowed.

Until the passage of the act of 1893, the plaintiff could not have thus taken judgment for a portion of his claim on the ground that the defendant made no defense as against it. Whilst that act furnishes ample warrant for a plaintiff taking judgment for an amount admitted to be due and proceeding to recover the balance, it would seem clear that the judgment must be strictly confined to the amount clearly and fairly admitted to be due. There is no warrant to be found in the language of the act for going beyond this amount. We think, therefore, that the entry of a judgment for $56.77 cannot be justified, but there is no necessity to send the case back for any further proceedings in the court on this feature of the case. It is our right and our duty in such a case to modify the judgment so as to bring it into harmony with established principles, and we, therefore, direct the judgment heretofore entered to be reduced from $56.77 to $44.55, the amount admitted to be due. Upon the other branch of the case we cannot but feel that the affidavit and supplemental affidavit of defense fairly disclosed a state of facts which ought to have carried the case to a jury for trial. It has often been held that where an affidavit of defense, in good faith and with reasonable certainty to a common intent, sets forth a meritorious defense, nothing more can be required. Such affidavits are not to be subjected to the nice criticisms that were formerly applied to special pleas and demurrers when these were the chosen means of exploiting the fine technical skill of the professional pleader. In this case the defendants do not answer the claim of the plaintiff by setting up that there is money due them arising out of some other contract, and, therefore, the cases cited by the appellee relating to a defense under the defalcation act do not apply. The affidavits here simply deny the consideration on which the action is founded. They admit that the goods charged for at the

prices named were shipped to and received by them, but they just as clearly aver that the same goods, by arrangement with the plaintiff, were not only reshipped to but actually received by the plaintiff, by reason whereof they, the defendants, were entitled to credit at the invoice prices. If this allegation be true the plaintiff's claim to that extent has failed. Whether it is true or not is a question of fact that ought to be and must be tried by a jury. We think, therefore, the learned court below was in error in making absolute the rule for judgment for want of a sufficient affidavit of defense.

And now, to wit : November 19, 1906, the judgment heretofore entered for the amount admitted to be due is reduced to the sum of $44.55. The order of the court making absolute the rule for judgment as to the balance of the claim, for want of a sufficient affidavit of defense, is reversed and set aside and a procedendo is awarded. The costs of this appeal to be paid by the appellee.